WRIGHT, J.
It has been repeatedly decided in this state that judgments recovered in a sister state, where the defendant had day in court, are to be received as conclusive evidence, and that no examination of their grounds can be permitted; 1 O. 260; 5 O. 547. The declaration is upon a judgment for $2,000. The pleas 'do not state that the judgment was ex parte, and so lay any foundation for looking back of the judgment. But it is said, the judgment is void because the suit was upon a penal bond with a condition, and no breaches were assigned under the statute. Non constat that the suit in New York was on a bond with a condition. The declaration there is upon a bond, and, as it appears, a single bill. The defendant did not set out the condition, and it forms no part of the record; if then', it were conceded that in a proper case, you might take advantage of the irregularity of judgments, this case does not open the door for applying the rule. But that cannot be do.ne, surely not if the judgment is conclusive. The want of jurisdiction of the sub-3501 *ject would make the judgment void; but that is not pretended here. It is claimed the judgment is void because it is erroneous. This court decided in Wier v. Zane, 3 O. 306, that *357 “however irregular, the solemn judgment of a competent and authorized tribunal cannot be treated as a nullity;” and “although the proceeding upon which it is predicated may be unknown to our jurisprudence, still, as in all other judgments, they are not open for inquiry, except in a regular mode of re-investigation, on a writ of error or certiorari.” This case is within this decision. The court in New York was competent to adjudicate on this matter, and has done so. It is admitted the statute requiring breaches to be assigned on bonds with condition, is imperative, and it is probable this judgment would be reversed'in the New York Court of Errors, but we cannot examine the proceedings as a Court of Error. Till reversed the judgment is conclusive on us. The pleas therefore present no bar to the plaintiff’s right, and the demurrer must be sustained.
Judgment for the plaintiff.
[Affirmed; Goodrich v. Jenkins, 6 O. 43. Irregular judgment if not void not collaterally impeachable; Moore v. Robison, 6 O. S. 302, 305.]